Opinion filed February 2, 2006 












 
 
  
 
 







 
 
  
 
 




Opinion filed February 2, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00246-CV 

                                                    __________

 

                              ROQUE TERCERO ARANDA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Gaines
County, Texas

 

                                              Trial
Court Cause No. 05-04-14972

 



 

                                            M
E M O R A N D U M    O P I N I O N

On July 18, 2005, the trial court signed an order
finding that Roque Tercero Aranda was a vexatious litigant pursuant to Tex. Civ. Prac. & Rem. Code Ann. ' 11.101 (Vernon 2002).  We affirm.

The record before this court consists of the clerk=s record.  A reporter=s
record was neither requested nor filed.








In three issues, Aranda challenges the trial court=s finding that he is a vexatious
litigant.  Specifically, Aranda argues
that the trial court erred by conducting a hearing in his absence; that he did
not receive notice of the amended petition for a finding that he was a
vexatious litigant; that the trial court erred in considering two of his state
suits against the district attorney that were pending at the time of this
action; that the district attorney was not an appropriate person to move for a
finding that he was a vexatious litigant; and that the district attorney was
the plaintiff in this action and could not move for a vexatious-litigant
finding under the statute.  Aranda
appears to contend that litigation currently pending at the time of the trial
court=s finding
could not be considered by the trial court. 


Section 11.101 provides:

(a) A court may, on its own motion or the motion
of any party, enter an order prohibiting a person from filing, in propria
persona, a new litigation in a court in this state if the court finds, after
notice and hearing as provided by [Tex.
Civ. Prac. & rem. Code Ann. '' 11.051-.057 (Vernon 2002)] that:

 

(1) the person is a vexatious litigant;  and

 

(2) the local administrative judge of the court in
which the person intends to file the litigation has not granted permission to
the person under Section 11.102 to file the litigation.

 

(b) A person who disobeys an order under
Subsection (a) is subject to contempt of court.                                                                                         


 

Section 11.101 does not limit a motion for a vexatious-litigant
finding to only defendants in lawsuits. 
Section 11.101 provides that any party or even the trial court itself
may make such a motion.  Aranda=s challenges that an inappropriate
party brought the action are overruled.

Tex. Civ.
Prac. & Rem. Code Ann. '
11.053 (Vernon 2002) provides that the trial court shall conduct a hearing
after giving notice to all parties. 
Section 11.053 further provides that the trial court may consider any
evidence -- written or oral -- that is material to the motion.  In addition, Section 11.053 provides that
evidence may be presented by witnesses or by affidavit.








 Nothing in
the record before this court supports Aranda=s
allegations that the trial court erred in finding that he was a vexatious
litigant.  Notice is not a contested
issue on appeal:  Aranda states in his
brief not only that he received a request to file a response to the motion but
also that he timely complied with the request. 
The record before this court does not reflect that any Aamended pleadings@ were filed.  The statute allows the trial court to
consider oral testimony as well as written evidence provided that the evidence
is material to the motion.  The statute
does not require the presence of any particular party.  Further, the statute does not prohibit the
consideration of pending litigation.

Aranda has not established that the trial court
erred in entering the July 18, 2005 order. 
All of Aranda=s
arguments have been considered by this court. 
Each is overruled.

The order of the trial court is affirmed.

 

PER CURIAM

 

February 2, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.